**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT SARDARBEKIANS, ) | NO. CV 19-864-ODW (KS) |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER TO SHOW CAUSE RE:** |
| ) | **DISMISSAL OF DOE DEFENDANTS** |
| COUNTY OF LOS ANGELES, *et al*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**INTRODUCTION**

On February 5, 2019, Plaintiff, a California resident proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Plaintiff sues the County of Los Angeles, the Los Angeles County Department of Children and Family Services ("DCFS"), several DCFS employees, and "Doe DCFS Administrators 1 through 10 and Does 11-20 inclusive." (Complaint at 1, 5.) Plaintiff's claims concern a DCFS investigation and Juvenile Dependency proceedings instituted after Plaintiff's infant son suffered injuries consistent with Shaken Baby Syndrome. Plaintiff alleges that the Defendant DCFS social workers violated Plaintiff's right to due process by fabricating evidence and making false statements to the Juvenile Dependency Court. Plaintiff further alleges that DCFS

1

customs or policies as well as a failure to adequately train DCFS social workers caused the due process violation.

**COMPLAINT DOES NOT STATE A CLAIM AGAINST DOE DEFENDANTS**

In civil actions where the plaintiff is proceeding *in forma pauperis* ("IFP"), Congress requires district courts to dismiss the complaint "at any time" if the court determines that the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.[1] 28 U.S.C. § 1915(e)(2); *see also Karas v. Access Hollywood*, No. C 12-02310-CRB, 2012 WL 3116230 at *2 (N.D. Cal. July 31, 2012) (granting IFP request and *sua sponte* dismissing complaint with leave to amend for failure to state a claim). In determining whether a complaint should be dismissed at screening, the Court applies the standard of Federal Rule of Civil Procedure 12(b)(6): "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Thus, the plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). The court's authority to dismiss a complaint at screening includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have been served but not yet answered or appeared. *See Abagnin v. AMVAC Chemical Corp.*, 545

---

[1] Even where a plaintiff is not proceeding IFP, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a trial court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources").

F.3d 733, 742-43 (9th Cir. 2008); *see also Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) (fact that certain defendants have not appeared and filed a motion to dismiss is no bar to the court's *sua sponte* consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted).

Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "Liability . . . must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("[T]here must be a showing of personal participation in the alleged rights deprivation."). Accordingly, to demonstrate a civil rights violation against a government official, a plaintiff must show either direct, personal participation of the official in the harm or some sufficient causal connection between the official's conduct and the alleged constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011). However, the Complaint is devoid of any specific factual allegations that any Doe Defendant took any action affecting Plaintiff. Accordingly, the Complaint fails to state a claim against a Doe Defendant at this time, and the Doe Defendants must be dismissed.

Therefore, **Plaintiff is ORDERED TO SHOW CAUSE no later than March 12, 2019 why the Doe Defendants should not be dismissed**. To discharge this Order and proceed with his claims against the Doe Defendants, Plaintiff, no later than March 12, 2019, shall file either: (1) a Supplement to the Complaint that presents specific allegations that support a plausible inference that each Doe Defendant named in the Complaint personally participated in, or otherwise caused, the alleged constitutional violation; or (2) a signed document entitled Notice of Voluntary Dismissal of the Doe Defendants.[2]

---

[2] Dismissal would be without prejudice to Plaintiff seeking leave to amend the Complaint at a later date to add defendants if appropriate.

Plaintiff's failure to timely comply with this order may result in a recommendation of dismissal of this action, in whole or in part.

DATE: February 26, 2019

                                                                  /s/ Karen L. Stevenson  
                                                                  KAREN L. STEVENSON  
                                                             UNITED STATES MAGISTRATE JUDGE

THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.